**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Margaret A Gauna, | No. CV-24-00392-TUC-JCH |
| Petitioner, | **ORDER** |
| v. | |
| Magdalena Gauna, | |
| Respondent. | |

Pro se Plaintiff Margaret Gauna filed a Notice of Removal from Pima County Superior Court seeking to remove an action for the partition of real property, *In re Estate of Ernest F. Gauna Jr.*, Case No. PB202110995, from Pima County probate court. Doc. 1. Plaintiff has also filed an Application for Leave to Proceed in Forma Pauperis. Doc. 2. For the reasons set forth below, the Court will grant Plaintiff *in forma pauperis* status and remand this action to Pima County Superior Court.

**I.    Application for Leave to Proceed in Forma Pauperis**

In her Application for Leave to Proceed in Forma Pauperis, Plaintiff asserts that she is unable to pay the filing costs because she is unemployed, and her total monthly income, which consists of retirement, public assistance, and "Ucard insurance benefits," is less than $1,500 a month. Doc. 2 at 1–2. Plaintiff also asserts that she has a negative balance in her bank account, and her monthly expenses amount to nearly her entire monthly income. *Id.* at 2–5. Finally, Plaintiff explains that she was recently in a car accident and does not have enough money to cover the repairs. *Id.* at 5. As such, the Court is persuaded that Plaintiff

cannot afford the costs associated with filing suit and will grant Plaintiff *in forma pauperis* status.

## II.  Legal Background

### A.  Statutory Screening of In Forma Pauperis Complaints

The Court must screen *in forma pauperis* complaints and dismiss the case if the Court determines that the action "is frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). The Court must "construe pro se filings liberally" and hold them to "less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (internal quotation omitted). However, "liberally construing" a filing does not mean that it need not comply with the U.S. Code or the Federal Rules of Civil Procedure. There are two important rules relevant here. First, removal is only appropriate when it complies with the requirements of 28 U.S.C. § 1441. Second, the Court must dismiss a complaint when it lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## III.  Analysis

### A.  Removal

Plaintiff recently filed a separate—seemingly related— complaint before this Court, *Gauna v. Gauna*, 4:24-CV-00299-RCC, (D. Ariz. Aug. 18, 2024). Plaintiff's complaint in that case indicated that she intended (or was attempting within that complaint) to remove her Pima County probate court case, as she has attempted to do here. As the Court previously explained,

> A civil action originally brought in state court, but over which a federal court would have original jurisdiction, "may be removed by the *defendant* or the defendants, to the district court . . . for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (emphasis added). However, Plaintiff is not a defendant and, as explained, the Court does not have original jurisdiction to consider this matter. In addition, in general, "[f]ederal courts do not possess jurisdiction over probate disputes." *Kuerschner v. Kuerschner Irrevoc. Trust*, No. CV-24-01235-PHX-SPL, 2024 U.S. Dist. LEXIS 131604, at *1 (D. Ariz. June 12, 2024) (citing *Marshall v. Marshall*, 547 U.S. 293, 311–12 (2006)); *Wisecarver v. Moore*, 489 F.3d 747, 749 (6th Cir. 2007) (quoting *Markham v. Allen*, 326 U.S. 490, 494 (1946)) ("It is well-settled that 'a

federal court has no jurisdiction to probate a will or administer an estate.'").

4:24-CV-00299-RCC, Doc. 8 at *3.

Here, Plaintiff is attempting to do exactly what the Court previously told her she is not allowed to do. *See id.* Not only is a plaintiff not permitted to remove a case that she chose to file in state court, *see Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941), but the Court must dismiss due to lack of subject matter jurisdiction. Plaintiff is now attempting to remove a case brought under Ariz. Rev. Stat. § 12-1211. Doc. 1-1 at 1. While she indicates that removal is appropriate pursuant to the diversity of citizenship statute, 28 U.S.C. § 1332, both Plaintiff and Defendant are listed on the Complaint as residents of Tucson (Doc. 1 at 1; Doc. 1-1 at 2). As such, even if removal were proper, the Court would have neither subject matter nor diversity jurisdiction over this case. *See also* 4:24-CV-00299-RCC, Doc. 8 at *2–3 (explaining in Plaintiff's related case that the Court lacked subject matter jurisdiction over Plaintiff's case brought solely under Arizona Law and diversity jurisdiction over the same defendant named here).

### B. Leave to Amend

If the Court determines that deficiencies in a complaint could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before the dismissal of an action. *See Lopez v. Smith*, 203 F.3d 1122, 1127–29 (9th Cir. 2007. However, leave to amend is not required where it would be futile. *See AmeriSourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). Because Plaintiff's removal of this matter is improper, the deficiencies in Plaintiff's filing cannot be cured by amendment. Accordingly, the Court declines to grant Plaintiff leave to amend her pleading.

**IT IS ORDERED granting** Plaintiff's Application for Leave to Proceed in Forma Pauperis (Doc. 2).

**IT IS FURTHER ORDERED remanding** *In re Estate of Ernest F. Gauna Jr.*, No. PB202110995 to Pima County Superior Court.

**IT IS FURTHER ORDERED dismissing** this matter **with prejudice**.

Dated this 13th day of September, 2024.

_____
John C. Hinderaker
United States District Judge